**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**WILLIAM J. JONAS, III,**

      **Plaintiff,**

**v.**                                      **CIVIL ACTION NO.: 1:20-CV-99**
                                              **(JUDGE KLEEH)**

**BENJAMIN W. NAVARRO,**
**President of Resurgent/LVNV Funding,**

      **Defendant.**

**REPORT AND RECOMMENDATION RECOMMENDING**
**THAT DEFENDANT'S MOTION TO DISMISS [ECF NO. 20] BE GRANTED**

      This matter before the Court is pursuant to Defendant Benjamin W. Navarro's Motion to Dismiss Complaint, filed on January 12, 2021. [ECF No. 20]. The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for the reasons set forth below.

## I.      RELEVANT PROCEDURAL HISTORY

      On May 20, 2020, *pro se* Plaintiff William J. Jonas, III, an inmate at FCI Gilmer, filed the Complaint herein. [ECF No. 1].

      Within his Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") in twelve different ways, including communicating false information and false representations about Plaintiff's alleged debt, using false, deceptive, and unconscionable means to attempt to collect a debt from the Plaintiff, refusing to respond to Plaintiff's validation request, failing to report a disputed debt to the credit bureaus, re-aging the debt, not being in the county where Plaintiff lives, harassing Plaintiff in an attempt to collect the debt, and continuing to report to credit bureaus without validating the alleged debt. [ECF No. 1].

On January 12, 2021, Defendant filed the pending Motion to Dismiss. [ECF No. 20]. On January 20, 2021, the Court issued a *Roseboro* notice to Plaintiff informing him that a response to the motion to dismiss must be filed within twenty-one days of the date of the notice. [ECF No. 24]. The *Roseboro* notice was delivered on January 25, 2021. [ECF No. 25].

On February 1, 2021, Plaintiff filed a request that the Court continue any deadlines for any response he must file to December 31, 2021, as well as refrain from any rulings adverse to Plaintiff until that same date or later. [ECF No. 26]. Plaintiff cited issues as to availability of, and access to, resources in the institution in which he currently is incarcerated. These issues are related to the COVID-19 pandemic. On February 2, 2021, the Court entered an order by which it denied Plaintiff's request and ordered Plaintiff to show cause, within 14 days of receipt of the order, why Defendant's motion to dismiss should not be granted and why this matter should not be dismissed without prejudice. [ECF No. 27]. The order was delivered on February 5, 2021. [ECF No. 28]. The Court has received nothing from Plaintiff to show cause as ordered.

## II.    DEFENDANT'S CONTENTIONS

Defendant moves for Plaintiff's Complaint be dismissed because (1) this Court does not have personal jurisdiction over Defendant, or, alternatively, (2) Plaintiff's claims fail to state a claim upon which relief can be granted because Defendant is not a debt collector as defined by the FDCPA and Plaintiff's claims are either time barred and/or inadequately pled. [ECF No. 20].

### A. Personal Jurisdiction

Personal jurisdiction may arise from either general jurisdiction or specific jurisdiction. Defendant first asserts the Plaintiff has failed to make the requisite prima facie showing of this Court's personal jurisdiction over the Defendant. Defendant argues that because there is no alleged contact between Defendant and the state of West Virginia and no alleged conduct which occurred

2

within West Virginia, this Court should dismiss the Complaint, as a matter of law, for lack of personal jurisdiction.

## B. Failure to State a Claim

Defendant argues the Complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) because the Plaintiff alleges no facts which demonstrate that Defendant is a "debt collector" for the purposes of the FDCPA. Defendant clarifies that he himself is not a corporation organized and existing under laws of South Carolina with a principal place of business in Greenville, South Carolina. Defendant suggests that Plaintiff's allegations seem directed at LVNV and Resurgent, the companies for which Defendant purportedly serves as President, not at Defendant as an individual. Because Plaintiff has not adequately alleged that Defendant meets the statutory definition of a debt collector under the FDCPA, Defendant argues he cannot be held individually liable for Plaintiff's alleged injuries, and thus, Plaintiff's complaint must be dismissed.

Defendant next argues that the Complaint should be dismissed for failure to state a claim for which relief can be granted because the majority of Plaintiff's claims are time-barred by the applicable statute of limitations under the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Defendant asserts that Claims One, Two, Three, Four, Five, and Eleven are barred by the statute of limitations because Plaintiff's Debt was first reported in May 2018 and Plaintiff did not file until May 20, 2020, well after the one-year statute of limitations. Accordingly, Defendant argues these claims are time-barred and must be dismissed.

Defendant further argues that Claim Six of the Complaint fails to state a claim upon which relief may be granted because there are no facts alleged that Defendant tried to collect a debt

following a verification request, or had any involvement whatsoever in any attempted collections of Plaintiff's Debt.

Defendant argues that Claims Seven and Eight must also be dismissed because, even for a statutorily recognized debt collector (which Defendant asserts he is not), there is no affirmative duty under the FDCPA to report a post-report dispute.

Defendant argues Claim Nine is also deficient, according to the Defendant, because, not only does it mistakenly cite to a section 605(c) for the purposes of FDCPA liability, Defendant cannot be held liable for re-aging a debt where Plaintiff fails to allege any facts related to Defendant's actions which could lead to individual liability.

Lastly, Defendant also moves that Claim Ten be dismissed because the Plaintiff misconstrues a provision limiting a debt collector's right to commence a legal action in certain judicial districts as a basis for a FDCPA violation.  Defendant argues there is no FDCPA violation under § 1692i(a)(2) if Plaintiff does not allege that a legal action was commenced against him regarding the debt.

Defendant argues this Court should dismiss the Complaint under Federal Rule of Civil Procedure Rule 12(b)(6) because there are no factual assertions in any of the claims to support that Defendant is a debt collector, and Plaintiff "utterly fails to allege an FDCPA violation within the statue of violations[.]"

### III.   ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d

1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Personal Jurisdiction

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately a plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). See also New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir.1993); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether a plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the requirements of the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the

normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d 619, 627–28 (4th Cir. 1997) (citation omitted). Therefore, the Court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well-established that the exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if such a party has sufficient "minimum contacts" with [the forum] such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). When assessing the "minimum contacts," courts should consider whether a "defendant's contacts with the forum also provide the basis for the suit." Carefirst, 334 F.3d at 397.

If a defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

In cases involving corporate agents, "[w]hen a claim against a corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation, 'under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous

to support jurisdiction over the agent personally.'" <u>Bison Resources Corp. v. Antero Resources Corp.</u>, No. 1:16-CV-107-FPS, 2018 WL 701295, at * 7 (N.D. W.Va. Feb. 2. 2018) (quoting <u>Columbia Briargate Co. v. First Nat. Bank in Dallas</u>, 713 F.2d 1052, 1056 (4th Cir. 1983)). This is known as the "fiduciary shield" doctrine. <u>Pittsburgh Terminal Corp. v. Mid Allegheny Corp.</u>, 831 F.2d 522, 525 (4th Cir. 1987) (citing <u>Bulova Watch Co. v. K. Hattori & Co.</u>, 508 F.Supp. 1322, 1347 (E.D.N.Y.1981)). It is well established that "'[p]ersonal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation' [and] '[p]ersonal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state.'" <u>Progressive Minerals LLC v. Rashid</u>, No. 5:07-CV-108, 2008 WL 4416408, at *5 (N.D.W. Va. Sept. 24, 2008) (quoting <u>Harte–Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc.</u>, 299 F.Supp.2d 505, 513 (D.Md.2004)).

Here, personal jurisdiction does not exist. There is no evidence that Defendant has any contact with the State of West Virginia or conducts any activities aimed at the State of West Virginia. Plaintiff alleges that Defendant is a corporation organized and existing under the laws of the state of South Carolina and with a principal place of business in South Caroline. Plaintiff makes no allegations that Defendant has any ties or contacts with West Virginia. The Complaint does not articulate whether any of Defendant alleged conduct occurred in West Virginia. While Defendant is allegedly the President of Resurgent and LVNV Funding, LLC., there is no evidence that, to the extent which Defendant performs work duties on those corporations' behalf, he does so in an individual capacity rather than in his official capacity as an officer and employee. There are no allegations that Defendant has individually engaged in any of the conduct outlined in West Virginia's long-arm statute which would empower this Court to exercise personal jurisdiction.

Based on all the foregoing, there is no basis for personal jurisdiction over the Defendant. The Court must find that the Defendant does not have the necessary "minimum contacts" with West Virginia for personal jurisdiction nor has he "purposefully availed" himself to the jurisdiction. See International Shoe, 326 U.S. at 316; Carefirst, 334 F.3d at 397. Likewise, because Defendant has no presence in this State, Defendant does not meet the "continuous and systematic" requirement needed for this Court to have jurisdiction. See Helicopteros, 466 U.S. at 415. Accordingly, the undersigned **FINDS** that this Court does not have specific or general jurisdiction in this matter and **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

## B. Failure to State a Claim

Even if the Court had personal jurisdiction over the Defendant, the Complaint fails to state a claim upon which relief can be granted. An action may be dismissed for "failure to state a claim upon which relief can be granted" upon motion by Defendant. Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

1. **Because there are no factual allegations that Defendant personally engaged in any debt collection or reporting, the undersigned finds no claim upon which relief can be granted.**

Critically, here, the FDCPA claims cannot proceed as a matter of law because officers and employees such as Defendant are not defined as creditors potentially subject to liability under the FDCPA.

As set forth in Defendant's Motion [ECF No. 20-1 at 12-13], and not refuted by Plaintiff, while Defendant is the purported President of Resurgent and LVNV Funding, LLC., there are no

factual allegations to support that Defendant meets the statutory definition of a debt collector. Under the FDCPA, a "debt collector" is defined as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> > (A) <u>any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;</u>

15 U.S.C. § 1692a(6) (emphasis added). Plaintiff provides no statement of facts to support that Defendant is a debt collector in his individual capacity. Plaintiff provides little more than conclusory statements of law.

Notably, the credit report which Plaintiff supplied as an attachment to his Complaint indicates that "Resurgent/LVNV Funding," not the Defendant Benjamin Navarro reported to the credit bureau regarding the account in question. [ECF No. 1-2 at 3 and 5].

No factual allegations in the Plaintiff's Complaint supply a claim upon which relief may be granted. No factual allegations support that Defendant individually qualifies as a debt collector or engaged in conduct that would make him personally liable for unlawful debt collection practices under the FDCPA. A claim cannot be brought by virtue of the Defendant's title alone. Thus, the undersigned discerns no claim upon which relief can be granted as to Defendant and **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

**2. The undersigned recommends dismissal for six of Plaintiff's claims because these claims are time-barred.**

The text of the FDCPA "clearly states" that an FDCPA action "may be brought . . . within one year from the date on which the violation occurs." Rotkiske v. Klemm, 140 S. Ct. 355, 360, 205 L. Ed. 2d 291 (2019)(citing 15 U.S.C. § 1692k). This means the "FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened[,]" not on the date the harm was discovered by the Plaintiff. Id.

However, FDCPA violations are not grouped together for the purposes of the statutes of limitations. A "'separation violation' of the FDCPA occurs 'every time' an improper communication, threat, or misrepresentation is made." Bender v. Elmore & Throop, P.C., 963 F.3d 403, 407 (4th Cir. 2020).

Here, Plaintiff's debt was first reported in May 2018. [ECF No. 1-2 at 3 and 5]. The Complaint alleges in Claims One, Two, Three, Four, Five, and Eleven that on that date in 2018, the Defendant violated the FDCPA by reporting the Plaintiff's account to the credit bureau. Defendant argues that this is the date of the harm against the Plaintiff for the purposes of the statute of limitations. The undersigned agrees. The Plaintiff alleges that the Resurgent/LVNV Funding report that occurred in May 2018 included false representations and false, deceptive, and unconscionable means in an attempt to collect an alleged debt. Plaintiff filed his Complaint on May 20, 2020, nearly two years later. These claims are time-barred by the FDCPA, and, thus, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

3. **The undersigned recommends dismissal because the remaining claims fail to set forth grounds for a violation by Defendant which may entitle the Plaintiff to relief.**

In Claim Six, Plaintiff argues that Section 1692g(b) requires Defendant to respond to Plaintiff's Notice of Relief. Section 1692g(b) provides that if a consumer notifies a debt collector within the thirty-day period after the debt collector's written notice that the debt, or any portion thereof, is disputed, the debt collector *shall cease collection of the debt, until* the debt collector

obtains *verification of the debt* and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

Plaintiff asserts that Defendant violated § 1692g(b) by "refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt." [ECF No. 1 at 13]. Defendant argues that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff does not allege that Defendant took any actions to try to collect a debt in violation of § 1692g(b) after the verification request.

The undersigned agrees with the Defendant. When faced with this precise question, this Court held that § 1692g(b) "does not require that the debt collector actually respond to the request for debt validation. All that is required is that the debt collector cease its efforts to collect the disputed portion of the debt until verification is mailed to the debtor." Judy v. Fid. Nat'l Collections, No. 1:02CV156, 2003 WL 27375025, at *3 (N.D.W. Va. Nov. 7, 2003)(Stamp, J.), aff'd sub nom. Judy v. W. Virginia Univ. Bd. of Governors, 118 F. App'x 737 (4th Cir. 2004) (internal citations and quotations omitted). See also Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997).

A debt collector would violate § 1692g(b) by continuing debt collection activities without providing the requested validation. Not only are there no allegations to support that Defendant is a debt collector under the FDCPA, there are no allegations that Defendant took any action to collect Plaintiff's disputed debt following the verification request. The undersigned finds that Claim Six fails to state a claim upon which relief may be granted and, thus, the undersigned recommends dismissal.

In Claims Seven and Eight, Plaintiff argues that the Defendant violated the FDCPA by failing to report a disputed debt to the credit bureaus after the Plaintiff's April 10 Notice of Relief.

As previously noted, the Defendant asserts, and the undersigned agrees, that he is not a debt collector as a matter of law. Defendant argues that, regardless, there is no affirmative duty for debt collectors under Section 1692e to update a previously reported account as disputed after the initial report was filed before possessing knowledge of a dispute. [ECF No. 20-1 at 16-17 (citing Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008).].

The Eighth and Tenth Circuits have held that Section 1692e(8) does not impose an affirmative duty, within any time frame, upon a furnisher of credit information who has reported negative information to the credit reporting agencies to notify those credit reporting agencies after the consumer has disputed the accuracy of the report. Wilhelm v. Credico, 519 F.3d 416, 418 (8th Cir. 2008); Llewellyn v. Allstate Home Loans, Inc., 7111 F.3d 1173, 1189 (10th Cir. 2013). Accord Purnell v. Arrow Financial Services, LLC, 303 F. App'x 297 (6th Cir. Dec. 16, 2008) (per curiam)(automatic monthly reports to Equifax by a debt collector of a debt that the debt collector knew was disputed constituted repeated, discrete violations of the FDCPA).

Plaintiff has not plead any facts or made any allegations that the Defendant, after the April 10 Notice of Relief, reported information that the Defendant knew or should have known was false. The FDCPA does not include an affirmative duty to correct information made in reports two years prior when the debt collector had no reason to believe the information was false at the time it was reported. Even if this Court were to find jurisdiction or were to find that Defendant was a debt collector, in regard to Section 1692e(8), Plaintiff fails to state a claim upon which relief may be granted, and thus, the undersigned recommends that Claims Seven and Eight would be dismissed.

In Claim Nine, Plaintiff alleges Defendant violated Section 605(c) of the FDCPA by re-aging Plaintiff's account by reporting the date of the last activity instead of the date of the first delinquencies. Defendant responds in his Motion to Dismiss by first noting that the FDCPA does not contain a Section 605(c), nor does the FDCPA create liability for the conduct of which Plaintiff complains of in Claim Nine.

Defendant argues nonetheless that, assuming Plaintiff is instead seeking to hold Defendant liable under § 605(c) of the Fair Credit Reporting Act ("FCRA"), Claim Nine should still be dismissed as Plaintiff has not alleged any facts that would subject Defendant to liability under the FCRA. [ECF No. 20-1 at 18, n. 1].

A plaintiff must include in their complaint enough facts to state a claim to relief which is plausible on its face; a plaintiff cannot simply make wholly conclusory assertions that the Defendant violated the FCRA without any facts in connection with what the Defendant did or did not do when informed of a credit reporting dispute. Sipe v. Equifax Info. Servs., LLC, No. CV 3:16-6103, 2017 WL 253157, at *6 (S.D.W. Va. Jan. 20, 2017). See also Siple v. First Franklin Financial Corp., 2015 WL 2374414, n. 4 (D. Md. May 15, 2015) (dismissing FCRA allegations where plaintiff failed to allege the individuals' roles or any factual assertions to support individual liability).

To avoid dismissal, Plaintiff must allege facts such that they permit the Court to draw a reasonable inference that Defendant is liable for the alleged harms. Sipe, 2017 WL 253157, at *6 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Here, Plaintiff has not supplied the Court with any facts which articulate why Defendant might be liable for the alleged harms. Plaintiff has made no factual allegations that explain why Defendant would be subject to the FCRA or what act or omissions were committed by the

Defendant which could subject him to liability. Accordingly, the undersigned recommends that Claim Nine would also be dismissed.

Lastly, in Claim Ten, Plaintiff alleges that Defendant violated the FDCPA because Defendant was not "in the county in which the alleged debtor lives when the alleged debtor signed for the debt." [ECF No. 1 at 8]. Defendant argues that Plaintiff is misconstruing the provisions of §1692i of the FDCPA.

Section 1692i of the FDCPA provides that a debt collector can only bring a legal action on a debt against a consumer within the judicial district: "(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. 1692(i)(a)(2).

There are no allegations that Defendant, or any other entity, commenced an action against Plaintiff regarding this debt. There is no inherent violation of the FDCPA simply because Defendant resides in a county which differs from the Plaintiff. With no further facts given by the Plaintiff in his Complaint to allow this Court to make a reasonable inference that a violation occurred, the undersigned would recommend that Claim Ten also be dismissed.

In sum, this Court does not have personal jurisdiction over the Defendant as articulated above. However, even if this Court could properly exercise personal jurisdiction, because the Defendant is not a debt collector under the FDCPA, the statute of limitations has passed on the majority of the claims, and the remaining claims fail to put forth any facts of a violation by the Defendant, the undersigned would **RECOMMEND** the Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Complaint [ECF No. 20] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Respectfully submitted March 17, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE