```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WILLIAM J. JONAS, III,**

      Plaintiff,

   v.                                 Civil Action No. 1:20-CV-99
                                                (Judge Kleeh)

**BENJAMIN W. NAVARRO,**
**PRESIDENT OF RESURGENT/**
**LVNV FUNDING,**

      Defendant.

**ORDER ADOPTING REPORT**
**AND RECOMMENDATION [DKT. NO. 30]**

This matter is pending with the Court is the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michael J. Aloi [Dkt. No. 30]. Plaintiff filed a pro se Complaint on May 20, 2020, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") [Dkt. No. 1]. This matter was referred to the Magistrate Judge, pursuant to the Court's Local Rules, for review and submission of an R&R. On March 17, 2021, Magistrate Judge Aloi issued an R&R recommending dismissal of Plaintiff's Complaint without prejudice, based on a lack of personal jurisdiction and the failure to state a claim upon which relief can be granted [Dkt. No. 30].

The R&R informed Plaintiff of his right to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such

objection" [Dkt. No. 30 at 15]. The R&R warned that the "[f]ailure to timely file objections . . . will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation" [Id.]. The docket reflects that the R&R was sent to Plaintiff by certified mail, return receipt requested, and was received by Plaintiff on March 19, 2021 [Dkt. No. 31]. Plaintiffs' objections were received on March 31, 2021 [Dkt. No. 32].

When reviewing a Magistrate Judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Failure to object within the appropriate time period shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005). "When a party does make objections, *but these objections are so general or conclusory* that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the Court's attention to any specific portions of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

The Magistrate Judge recommended that this matter be dismissed because the Court does not have a basis for personal jurisdiction over Defendant, a non-resident of West Virginia [Dkt.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30]**

No. 30 at 5-8]. The Magistrate Judge also concluded that the Complaint fails to state a claim upon which relief can be granted [Id. at 8-14]. Before making his recommendation, the Magistrate Judge noted Plaintiff's allegations that Defendant violated the "FDCPA" twelve (12) different ways [Id. at 1]. Defendant filed a Motion to Dismiss [Dkt. No. 20] on January 12, 2021, and the Court issued a Roseboro notice to Plaintiff directing a response to Defendant's motion [Dkt. No. 24]. The Roseboro notice was received by Plaintiff on January 25, 2021 [Dkt. No. 25]. Plaintiff filed a request for the Court to continue any deadlines for a response to the Motion to Dismiss [Dkt. No. 26], which request was denied [Dkt. No. 27]. Plaintiff was directed to respond to the motion by showing cause as to why the matter should not be dismissed without prejudice [Id.]. Plaintiff failed to file anything to show cause as directed.

In this matter, the Magistrate Judge liberally construed pro se Plaintiff's Complaint[1] [Dkt. No. 30]. The Magistrate Judge determined that Plaintiff failed to allege sufficient facts against Defendant, an individual who is a non-resident of West

---

[1] Because Plaintiff is proceeding pro se, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, a pro se complaint is subject to dismissal if the Court cannot reasonably read the pleadings to state a valid claim upon which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

Virginia, to establish either specific or general personal jurisdiction under the state's long-arm statute. Plaintiff also failed to allege facts to show that Defendant personally engaged in debt collection, that the one-year statute of limitations applicable to an FDCPA violation does not apply to bar Plaintiff's claims, and that grounds exist for a violation by Defendant which may entitle Plaintiff to relief. The Court finds no error in the factual or legal conclusions reached by the Magistrate Judge.

Plaintiff's objections, filed on March 31, 2021 [Dkt. No. 32], fails to address the findings of the Magistrate Judge or to support the merits of his claims against Defendant [Dkt. No. 32]. Plaintiff's objections seek additional time to develop a response to the order to show cause due to "China plague protocols imposed by FCI-Gilmer" [Id.]. The Court finds Plaintiff's response to be insufficient because it is non-specific to the recommendations of the Magistrate Judge. It also fails to establish that Defendant is subject to personal jurisdiction in West Virginia, or that the Complaint states any claim upon which relief may be granted. The Court finds that the Magistrate Judge properly analyzed the law governing the claims and applied the law to the facts as alleged.

Upon careful review and finding no error of fact or law, the Court **ORDERS** that the Magistrate Judge's Report and Recommendation [Dkt. No. 30] is **ADOPTED** for the reasons stated herein.

**Jonas v. Navarro** 1:20-CV-99

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 30]**

Defendant's Motion to Dismiss [Dkt. No. 20] is **GRANTED**, Plaintiff's objections [Dkt. No. 32] are **OVERRULED**, and the Complaint [Dkt. No. 1] is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED to strike this matter from the Court's active docket.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record by electronic means and to the pro se Plaintiff via certified mail, return receipt requested.

**DATED**: September 24, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE